02-11-058-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00058-CR

 

 


 
 
 Harold Capestany-Cortes a/k/a Harold Cortes
 Capestany a/k/a Harold Capestany
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

A
jury convicted Appellant Harold Capestany-Cortes a/k/a Harold Cortes Capestany
a/k/a Harold Capestany of possession of a controlled substance,
methamphetamine, in an amount over four grams but less than two hundred grams with
intent to deliver and of possession of a controlled substance, methamphetamine,
in an amount less than one gram.  After finding the enhancement and habitual paragraphs
in the indictment to be true, the jury assessed his punishment at ninety-nine
years’ imprisonment on both counts.  The trial court sentenced him accordingly,
ordering that the sentences run concurrently.  In one issue, Capestany-Cortes
argues that the trial court violated his confrontation rights by refusing to
redact statements made by the confidential informant on a videotape admitted in
evidence.  We will affirm.

II.  Factual
and Procedural Background

          Investigator
Ray Miller with the Hood County Sherriff’s Office arranged for a confidential
informant to make a controlled purchase of methamphetamine from Capestany-Cortes.
 Investigator Miller, along with two other investigators, met with the
informant at a predetermined location, searched the informant and his vehicle, gave
him money to make the controlled purchase, and equipped him with an audio and
video recording device that looks like an ink pen.  Investigator Miller rode in
the informant’s vehicle to Capestany-Cortes’s house.  Investigator Miller
stayed in the vehicle while the informant went inside the house; the informant
told Capestany-Cortes that Investigator Miller was his uncle.  The informant
purchased less than one gram of methamphetamine, and he and Investigator Miller
returned to the predetermined location to meet with the other investigators.

The
investigators obtained a search warrant for Capestany-Cortes’s residence. 
Capestany-Cortes was not at home, but during the search, he arrived in a vehicle
with two other people.  Officers found approximately eight grams of
methamphetamine in the backseat of the vehicle next to where Capestany-Cortes
had been sitting.

Over
defense counsel’s hearsay and confrontation objections, the video and audio
recording of the controlled purchase was played for the jury at trial.  On the
recording, the confidential informant commented on the quality of the
methamphetamine he had last received from Capestany-Cortes’s common-law wife
Julie.  Capestany-Cortes responded that he was “fixing to get some more.”

III.  Videotape

          In
his sole issue, Capestany-Cortes argues that his confrontation rights were
violated by the admission of the statements made by the confidential informant on
the video and audio recording.  See U.S. Const. amend. VI; Tex. Const.
art. I, § 10.

The
Confrontation Clause of the Sixth Amendment to the United States Constitution
provides that, “[i]n all criminal prosecutions, the accused shall enjoy the
right . . . to be confronted with the witnesses against him.”  U.S. Const.
amend. VI; Davis v. Alaska, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110
(1974).  The Sixth Amendment right of confrontation is a fundamental right and
is applicable to the states by virtue of the Fourteenth Amendment.  Pointer
v. State, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067–68 (1965); Shelby v.
State, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991).

A
trial court violates an accused’s Sixth Amendment rights by admitting a hearsay
statement made by a nontestifying declarant if the statement was testimonial
and the accused lacked a prior opportunity for cross-examination. Crawford
v. Washington, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004).  The
Confrontation Clause “does not bar the use of testimonial statements for
purposes other than establishing the truth of the matter asserted.”  Del
Carmen Hernandez v. State, 273 S.W.3d 685, 687 (Tex. Crim. App. 2008) (citing
Crawford, 541 U.S. at 59 n.9); see Langham v. State, 305
S.W.3d 568, 576 (Tex. Crim. App. 2010).

We
review an error in admitting evidence in violation of the Confrontation Clause
under rule of appellate procedure 44.2(a), and we must reverse unless we can
conclude beyond a reasonable doubt that the error did not contribute to the appellant’s
conviction or punishment.  See Tex. R. App. P. 44.2(a); Williams v.
State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In reviewing whether
the error in admitting out-of-court statements in violation of Crawford
is harmless beyond a reasonable doubt, we consider (1) the importance of the evidence
to the State’s case; (2) whether the evidence was cumulative of other evidence;
(3) the presence or absence of evidence corroborating or contradicting the statement
on material points; and (4) the overall strength of the prosecution’s case.  Langham,
305 S.W.3d at 582; Davis v. State, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006),
cert. denied, 549 U.S. 1344 (2007) (citing Delaware v. Van Arsdall,
475 U.S. 673, 684 (1986)). Courts may consider other factors as well, but the
relevant inquiry is whether there is a reasonable possibility that the Crawford
error, “within the context of the entire trial, ‘moved the jury from a state of
non-persuasion to one of persuasion’ on a particular issue.”  Davis, 203
S.W.3d at 852–53 (quoting Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 944 (2001)).

          Here,
Capestany-Cortes complains of the following statement made by the confidential
informant on the recording:  “I like that shit that you got that Julie gave me
the other day. . . .  Last night.  That’s some good shit.”  Capestany-Cortes
responded that he was “fixing to get some more of it too.”[2]


Even
assuming, without deciding, that the admission of this statement violated
Capestany-Cortes’s confrontation rights, any error did not contribute to his
convictions or punishments.  See Tex. R. App. P. 44.2(a).  A statement
about the quality of drugs that the informant got from Capestany-Cortes’s
common-law wife had little to no importance to the State’s case; the jury saw a
video of the controlled purchase of approximately one gram of methamphetamine
by the confidential informant and was presented with evidence of the methamphetamine
and paraphernalia related to selling drugs that police seized later that night pursuant
to a search warrant.  The statement—that the informant liked the drugs “that [Capestany-Cortes]
got that Julie gave [the informant]”—was not necessarily cumulative of other
evidence in the case, but the fact that Capestany-Cortes dealt methamphetamine and
had sold to the confidential informant in the past was admitted in evidence
through Investigator Miller’s testimony at trial; thus, the statement was corroborated
on its material point—that Capestany-Cortes had previously sold methamphetamine
to the informant.  Finally, the State had a strong case against
Capestany-Cortes, based on evidence of the controlled purchase, including the
recording of it, and evidence of the later-seized methamphetamine pursuant to a
search warrant.

We
conclude that, within the context of the entire trial, there was no reasonable
possibility that the confidential informant’s statement at issue here “‘moved
the jury from a state of non-persuasion to one of persuasion’ on a particular
issue.”  See Davis, 203 S.W.3d at 852–533 (quoting Wesbrook,
29 S.W.3d at 119); see also Tex. R. App. P. 44.2(a).  We overrule
Capestany-Cortes’s sole issue.

IV.  Conclusion

Having
overruled Capestany-Cortes’s sole issue, we affirm the trial court’s judgments.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: November 3, 2011








 









[1]See Tex. R. App. P. 47.4.





[2]Capestany-Cortes
complained generally at trial that all of the informant’s statements on the
recording should have been redacted.  On appeal, Capestany-Cortes argues that
“damning statements made by the informant” should have been redacted but
specifically points out only one statement—the informant’s “discuss[ing] the
quality of the drugs he received from [Capestany-Cortes’s] common-law wife
[Julie].”  Thus, because he refers to only this one statement and because a
review of the recording reveals no other “damning statements” but instead only
greetings and casual conversation between the informant and Capestany-Cortes,
we will address only this statement.